THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARIO N. DÍAZ JIMÉNEZ, Defendant and Appellant.

No. 7930. Argued February 1, 1940.—Decided February 8, 1940.

*Andrés Ruiz Jr.* for appellant.   *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The appellant was convicted and sentenced to six months in jail under section 371 of the Penal Code, as amended by Act No. 57, approved April 27, 1931, (Session Laws of 1931, p. 400), which reads as follows:

"Every person using, or procuring, encouraging or assisting another to use, any force or violence in entering upon or detaining any lands, or other property, public or private, except in the cases and in the manner provided by law, shall be punishable by imprisonment for not more than two years nor less than six months, or by a fine of not more than one thousand dollars nor less than five hundred dollars. Every person entering another person's domicile against the express will of the tenant, or who in any manner intervenes in such domicile, altering it, performing acts of ownership, or modifying it or attempting to make thereto any repairs whatsoever, except also in the cases and in the manner provided by law, shall be punishable by imprisonment for not less than three months nor more than six months, or by a fine of from two hundred to five hundred dollars."

The three errors relied upon for the appeal refer to the insufficiency of the evidence and, therefore, we shall proceed to consider the same.

■■■ It appears from the record that the complainant and the defendant were married in 1913 and that for some time prior to the facts complained of they lived apart in the same house, the complainant occupying a room where she kept the furniture and other effects acquired with money from the conjugal partnership. The complainant used to sleep and have her meals in the house of a relative of

her who lived on the same street, and to lock her room when she was away. On the night of November 15, 1938, while the complainant was sleeping in the house of her relative, the defendant, taking advantage of her absence, got somebody to accompany him and opened the door of the room and put his wife's furniture out into the street.

Did the defendant infringe section 371 of the Penal Code? This is the point to be determined. The purpose of the section cited is to prevent a disturbance of the peace, endeavoring to prevent anybody, by the use of violence or intimidation or against the express will of the occupant of a house or holder of a rural piece of property, from entering it, thus compelling the occupant or holder to defend his property, with the ensuing disturbance of the peace. Hence, where a defendant enters subreptitiously or in the absence of the occupant or anybody else representing him and who might offer resistance, the offense defined in section 371, *supra*, is not committed. In the case at bar the complainant was not present when the defendant entered the room and took out the furniture.

In Wharton's Criminal Law (12th ed., 1932, p. 1667, sec. 1361) and in this connection, it is stated as follows:

"An entry by an open window, or by opening the door with a key, or by mere trick or artifice, such as enticing the owner out, and then shutting the door upon him, or the like, without further violence, or if effected by threats to destroy the owner's goods or cattle merely, and not by threats of personal violence, is not deemed a forcible entry."

Referring to the essential elements of this offense, Ruling Case Law says:

"The primary purpose of actions of forcible entry and detainer being to prevent a breach of the peace, it is well settled that, under the British statutes and in those jurisdictions in which the definition has not been broadened by legislation or judicial construction, a forcible entry is such only as is made with actual physical force in and upon the premises, or by violence directed or threatened against

the person in occupancy . . . . . Consequently, an entry without force by a party entitled to possession, or an unlawful entry without actual force, violence or menaces, and which has no other force than such as the law implies in every trespass, is not a forcible entry within the meaning of the statutes. Many an entry may therefore be plainly unlawful and yet no give rise to a proceeding for forcible entry and detainer, although it is without contradiction that every forcible entry as above defined is unlawful.'' 11 R.C.L. 1157, sec. 21.

Further on it is stated in the above treatise as follows:

''There can be no doubt that an entry is forcible when it is accomplished or accompanied by acts that amount, or directly tend, to a breach of the peace; as where a party in possession is ejected by force•overcoming his actual resistance, or is assaulted and beaten, and the like—in short, when the dispossession is by acts involving force, violence or terror to others.'' 11 R.C.L. 1158 sec. 22.

In *People* v. *Escobar,* 36 P.R.R. 215, decided prior to the 1931 amendment, the sufficiency of the complaint for infringement of section 371 of the Penal Code was attacked, such infringement consisting in the defendant having entered on a certain day unlawfully, wilfully and maliciously the home of María Isabel Ayala, putting the latter's furniture out into the street and then locking the same with a padlock, ''all against the will of said María Isabel Ayala,'' this court said:

''Though it is a generic requisite of all offenses of disturbing the peace that there should be a disturbance of the peace of some neighborhood or particular person, because there are facts which in the absence of such circumstances do not constitute an offense; nevertheless, that allegation is not always necessary in informations or charges because such disturbance of the peace of a neighborhood or person appears from the very fact charged in the information, as happens in the present case where though it is not expressly stated that there was a disturbance of the peace of María Isabel Ayala, such allegation appears from the very fact charged, because if defendant violently entered her home, threw her furniture into the street, locked the door afterwards with a padlock *and did all this against the express will* of María Isabel Ayala, it is logical to infer from the facts that her peace was disturbed because it was done against her will.''

In the case at bar the facts committed by the defendant might be as reproachable as could be, but as the same had not been accompanied by the necessary element of force, violence or threats to inflict bodily harm, nor had they been committed *against the express will* of the complainant, they do not constitute any infringement of section 371 of the Penal Code.

Such being the case, the appeal shall be sustained, the judgment appealed from reversed and the defendant discharged.